**REISSUED FOR PUBLICATION**
**JAN 2 2019**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 29, 2018

| | | |
|---|---|---|
| HOUSTON BYRD, JR., | * | UNPUBLISHED |
| Petitioner, | * | No. 17-900V |
| v. | * | Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Influenza ("Flu") Vaccine; Failure to Prosecute; Insufficient Proof. |
| Respondent. | * | |

Houston Byrd, Jr., Newmark, OH, pro se.
Mallori B. Openchowski, US Department of Justice, Washington, DC, for respondent.

## DECISION DISMISSING PETITION[1]

On July 3, 2017, Houston Byrd, Jr. ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program"). Petitioner alleged that he suffered from headaches, stomachaches, elevated blood sugar levels, and weight loss after receiving influenza ("flu") and Pneumovax[2] vaccinations on October 1, 2015. Petition at 1-2. Petitioner has not been represented by counsel at any point during these proceedings.

Petitioner was ordered to file his complete medical records, including medical records from three years prior to the vaccination as well as any doctor visits since the vaccination, by October 2, 2017. Order dated Aug. 4, 2017 (ECF No. 11). Although he filed some medical records from 2014 to early 2016, he did not submit any documentation of his current symptoms.

---

[1] The undersigned intends to post this Decision on the United States Court of Federal Claims' website. **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] As respondent has noted, because the Pneumovax vaccine is not covered by the Vaccine Act, any claim based on this vaccine must be dismissed. See 42 U.S.C. § 300aa-11(c)(1)(A).

1

See Petition at 6-12; Motion ("Mot.") for Objection and Amendment to Claim dated Aug. 21, 2017 (ECF No. 12), Exhibits 1-3. Petitioner was subsequently ordered to file (1) medical records for the six months following his October 27, 2015 emergency room visit and (2) medical records documenting his current headaches and stomachaches. See Order dated Jan. 2, 2018 (ECF No. 21). Petitioner filed no additional records.

On March 30, 2018, respondent filed his Rule 4(c) Report, recommending against compensation. Specifically, respondent emphasized that petitioner has not established that his injury persisted for at least six months, as required by the Vaccine Act. See 42 U.S.C. § 300aa-11(c)(1)(D)(i); Rule 4(c) Report at 7. Moreover, respondent maintained that even if this threshold requirement had been satisfied, petitioner still did not meet any of the Althen requirements. See Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274 (Fed. Cir. 2005); Rule 4(c) Report at 7.

In light of respondent's Rule 4(c) Report, the undersigned ordered petitioner to provide the Court with current contact information and available dates for a Rule 5 status conference. See Order dated May 2, 2018 (ECF No. 38). Petitioner did not comply. Thus, on June 28, 2018, the undersigned issued a Rule 5 Order to document her preliminary findings. Rule 5 Order dated June 28, 2018 (ECF No. 44). The undersigned tentatively concluded that petitioner had failed to prove that his condition lasted for more than six months, and that he had failed to establish any of the Althen Prongs by preponderant evidence. Id. The undersigned then ordered petitioner to file the following documents by August 27, 2018:

1. All medical records from the six months following petitioner's October 27, 2015 hospital visit.

2. All medical records from the three years preceding his vaccination.

3. An expert report from a reputable, qualified medical doctor.

4. Evidence that his injury persisted for at least six months.

Petitioner failed to provide any of the requested documentation by the deadline. As a result, the undersigned issued an order to show cause, ordering petitioner to file the submissions described above by November 5, 2018. See Order to Show Cause dated Sept. 6, 2018 (ECF No. 45). To date, petitioner has not complied with any part of the Court's request, nor has he requested an extension of time to comply.[3]

---

[3] Petitioner has filed a "memorandum of objection" to the order to show cause. See Memorandum of Objection dated Sept. 17, 2018 (ECF No. 46). This memorandum seems to reiterate many of the concerns raised in a motion for the undersigned's recusal filed by petitioner earlier this year, without asserting any substantively new issues or providing any of the information requested in the undersigned's order to show cause. See Mot. for Recusal dated May 14, 2018 (ECF No. 41). At the time this motion was filed, the undersigned addressed each of these concerns and denied the motion. See Order Denying Mot. for Recusal dated June 6, 2018 (ECF No. 42).

To receive compensation under the Program, petitioner must prove either: (1) that he suffered a "table injury"—i.e., an injury listed on the Vaccine Injury Table— corresponding to a vaccine that he received, or (2) that he suffered an injury that was actually caused by the flu vaccine. See 42 U.S.C. §§ 300aa-13(a)(1)(A) and 11(c)(1); Cappizzano v. Sec'y of Health & Human Servs., 440 F.3d 1317, 1319-20 (Fed. Cir. 2006). Petitioner must show that the vaccine was "not only a but-for cause of the injury but also a substantial factor in bringing about the injury." Moberly v. Sec'y of Health & Human Servs., 592 F.3d 1315, 1321 (Fed. Cir. 2010) (quoting Shyface v. Sec'y of Health & Human Servs., 165 F.3d 1344, 1352-53 (Fed. Cir. 1999)). Whether claiming a table or non-table injury, petitioner must prove that he experienced the injury for at least six months. See 42 U.S.C. § 300aa-11(c)(1)(D)(i).

Because petitioner does not allege that he suffered a table injury, he must prove that the flu vaccine caused his injury. To do so, he must establish, by preponderant evidence: (1) a medical theory causally connecting the vaccine and his injury ("Althen Prong One"); (2) a logical sequence of cause and effect showing that the vaccine was the reason for his injury ("Althen Prong Two"); and (3) a showing of a proximate temporal relationship between the vaccine and his injury ("Althen Prong Three"). Althen, 418 F.3d at 1278; 42 U.S.C. § 300aa–13(a)(1) (requiring proof by a preponderance of the evidence).

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In addition, it is petitioners' obligation to follow court orders and non-compliance is not favorably considered. Failure to follow Court orders, as well as failure to file medical records or an expert medical opinion, can result in dismissal of a petitioner's claims. Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (mem.); Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b)(1).

The undersigned has allowed petitioner over a year in which to file all necessary medical records, and she has given petitioner a number of opportunities to participate in status conferences. Under Vaccine Rule 21(b)(1), petitioner's repeated failure to follow Court orders is ample grounds for dismissal. Moreover, the scant medical records that were filed in the case fail to satisfy the causation criteria established in Althen, and petitioner has not retained a medical doctor to opine as to causation in his case. See Rule 5 Order at 2.

**For these reasons, this case is dismissed for insufficient proof and failure to prosecute. In the absence of a motion for review, the Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Dated: 11-29-2018

Nora Beth Dorsey
Chief Special Master

3