**REISSUED FOR PUBLICATION**
**MAR 4 2019**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 7, 2019

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| HOUSTON BYRD, JR., | UNPUBLISHED |
| Petitioner, | No. 17-900V |
| v. | Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Motion for Reconsideration; Vaccine Rule 10(e)(1); Manifest Injustice. |
| Respondent. | |
| * * * * * * * * * * * * * * | |

Houston Byrd, Jr., Newmark, OH, pro se.
Mallori B. Openchowski, US Department of Justice, Washington, DC, for respondent.

### ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION[1]

On July 3, 2017, Houston Byrd, Jr. ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program").[2] Petitioner alleged that he suffered from headaches, stomachaches, elevated blood sugar levels, and weight loss after receiving influenza ("flu") and Pneumovax[3] vaccinations on October 1, 2015. Petition at 1-2. On November 29, 2018, the undersigned dismissed the petition for failure to prosecute and insufficient proof. Decision dated Nov. 29, 2018 (ECF No. 47). Petitioner subsequently filed a timely motion for reconsideration. Motion for Reconsideration ("Mot.") dated Dec. 20, 2018

---

[1] The undersigned intends to post this Order on the United States Court of Federal Claims' website. **This means the Order will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished Order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] Petitioner has not been represented by counsel at any point during these proceedings.

[3] Because the Pneumovax vaccine is not covered by the Vaccine Act, any claim based on this vaccine must be dismissed. See 42 U.S.C. § 300aa-11(c)(1)(A).

(ECF No. 48).[4]  For the reasons discussed below, petitioner's motion for reconsideration is DENIED.

I.    **Background**

The facts and procedural history of this case are thoroughly documented in the undersigned's Decision dismissing the petition for failure to prosecute and insufficient proof; they are incorporated by reference here.  Decision at 1-3.  Petitioner's motion for reconsideration does not explain his failure to comply with past court orders, nor does it offer new evidence. Instead, the motion seems to make five primary arguments, reiterating many of the objections petitioner has voiced throughout this litigation:

- Petitioner alleges that he has filed all available medical records.  Mot. at 2.

- Petitioner alleges that respondent did not "review the accompanying documents to determine whether all information necessary to enable respondent to evaluate the merits of the claim has been filed" within 30 days after the filing of his petition. Mot. at 2 (citing Vaccine Rule 4).

- Petitioner alleges that because the Decision was not issued within 240 days after his petition was filed, the Decision was untimely.  Mot. at 2-3.

- Petitioner alleges that the Pneumovax vaccine is, in fact, covered by the Vaccine Act.  Mot. at 3.

- Petitioner alleges that respondent submitted filings through Chad A. Readler, who was not their attorney of record.  Mot. at 4-5.

Petitioner filed a brief to supplement his motion for reconsideration on January 17, 2019.  Suppl. Filing dated Jan. 17, 2019 (ECF No. 52).  This brief did not contain any substantively new arguments or evidence.

On January 22, 2019, respondent submitted a response to petitioner's motion.[5] Respondent's Response dated Jan. 22, 2019 (ECF No. 53).  Respondent emphasizes that the undersigned "did not err by requiring petitioner to file medical evidence to corroborate his claim," concluding that "it was completely within [the undersigned's] discretion to dismiss this case for failure to prosecute."  Id. at 7, 9.  Respondent also asserts that contrary to petitioner's

---

[4] Petitioner submitted a single filing titled "Motion for Reconsideration/Review, En Banc Review and Findings."  For procedural purposes, the Clerk of the Court has docketed this filing separately as a motion for reconsideration (ECF No. 48) and a motion for review (ECF No. 49).

[5] Respondent's submission was docketed as a response to petitioner's motion for review. However, because petitioner submitted a single document as a combined motion for review and motion for reconsideration, the undersigned accepts respondent's filing as a response to both motions.

2

claims, he conducted a preliminary review of the petition and filed a timely response, in compliance with Vaccine Rule 4 and the orders of the assigned special master. Id. at 9-10.

## II.  Analysis

### a.  Standards for Reconsideration

Vaccine Rule 10(e), which governs motions for reconsideration, provides, "[e]ither party may file a motion for reconsideration of the special master's decision within 21 days after the issuance of the decision . . . ." Vaccine Rule 10(e)(1). A party seeking reconsideration "must support the motion by a showing of extraordinary circumstances which justify relief." Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999). The motion for reconsideration "must be based 'upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court.'" Prati v. United States, 82 Fed. Cl. 373, 376 (2008) (quoting Fru-Con Constr. Corp., 44 Fed. Cl. at 300).

"A court may grant [a motion for reconsideration] when the movant shows '(1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or 3) that the motion is necessary to prevent manifest injustice." System Fuels, Inc. v. United States, 79 Fed. Cl 182, 184 (2007) (quoting Amber Resources Co. v. United States, 78 Fed. Cl. 508, 514 (2007)). Granting such relief requires "a showing of extraordinary circumstances." Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (citation omitted), cert. denied, 546 U.S. 826 (2005). Special masters have the discretion to grant a motion for reconsideration if doing so would be in the "interest of justice." Vaccine Rule 10(e)(3).

Petitioner does not claim that there has been an intervening change in the law, nor does he contend that there is new evidence that was unavailable at the time the undersigned issued the Decision. Thus, to prevail on his motion for reconsideration, petitioner must demonstrate that the denial of his motion would result in manifest injustice. See Hall v. Sec'y of Health & Human Servs., 93 Fed. Cl. 239, 251 (2010), aff'd, 640 F.3d 1351 (Fed. Cir. 2011); Vaccine Rule 10(e)(3). As noted by other special masters, there is little case law interpreting Vaccine Rule 10(e)(3) beyond the conclusion that it is within the special master's discretion to decide what the "interest of justice" is in a given case. See Krakow v. Sec'y of Health & Human Servs., No 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Jan. 10, 2011) (granting reconsideration of motion to dismiss case for failure to prosecute).

### b.  Petitioner's Motion for Reconsideration

The undersigned will consider each of petitioner's primary allegations in turn:

### i.  Petitioner alleges that he has filed all available medical records.

Assuming, arguendo, that petitioner has indeed filed all available medical records, he has still failed to demonstrate that his injury persisted for longer than six months. As the undersigned discussed in her Rule 5 Order, "Although petitioner has stated that he still suffers

3

from headaches, stomachaches, elevated blood sugar levels, and difficulty gaining weight, none of these symptoms are documented in recent medical records. This statement, without documentation from a medical provider, is insufficient to meet the statutory six-month requirement." Rule 5 Order dated June 28, 2018 (ECF No. 44) at 3 (internal citation omitted); see also Decision at 2.

      ii.    **Petitioner alleges that respondent did not "review the accompanying documents to determine whether all information necessary to enable respondent to evaluate the merits of the claim has been filed" within 30 days after the filing of his petition.**

During a status conference on August 3, 2017, one month after the petition was filed, Special Master Moran instructed petitioner on the medical records that remained to be filed. See Order dated Aug. 4, 2017 (ECF No. 11). Moreover, respondent submitted his Rule 4(c) Report on March 30, 2018, further describing deficiencies in petitioner's filings. See Rule 4(c) Report (ECF No. 33). Particularly in light of these filings, the undersigned is not aware how respondent's alleged failure to comply with Vaccine Rule 4 could have hindered petitioner's ability to prosecute his case, or how it constitutes "manifest injustice."

      iii.    **Petitioner alleges that because the Decision was not issued within 240 days after his petition was filed, the Decision was untimely.**

The Vaccine Act provides:

> [if] a special master fails to make a decision on a petition within the 240 days prescribed by subsection (d)(3)(A)(ii) . . . , the special master or court shall notify the petitioner under such petition than the petitioner may withdraw the petition . . . or the petitioner may choose . . . to have the petitioner remain before the special master or court.

§ 300aa-12(g). The Vaccine Act further states that petitioner may file "a notice in writing choosing to continue or withdraw the petition," and that "[s]uch a notice shall be filed within 30 days of the provision of the notice required by [§ 300aa-12(g)]." § 300aa-21(b).

On February 28, 2018, petitioner was informed that the statutory 240-day time period for the special master's issuance of a decision in his case had expired. See Formal Notice dated Feb. 28, 2018 (ECF No. 24). Although petitioner was notified that he could withdraw his petition within 30 days of the notice, he chose not to do so. See id. The fact that petitioner failed to exercise his statutory right to withdraw his petition, by the statutory deadline, does not affect the validity of the undersigned's Decision.

      iv.    **Petitioner alleges that the Pneumovax vaccine is, in fact, covered by the Vaccine Act.**

As noted in the undersigned's Decision, the Pneumovax vaccine is not covered by the Vaccine Act. See § 300aa-11(c)(1)(A); Cielencki v. Sec'y of Health & Human Servs., No. 15-

632V, 2015 WL 10767150, at *3 (Fed. Cl. Spec. Mstr. Dec. 22, 2015) (dismissing claim involving Pneumovax vaccine). The URL provided in petitioner's motion provides no evidence to the contrary. See Mot. at 3.

> **v.   Petitioner alleges that respondent submitted filings through Chad A. Readler, who was not their attorney of record.**

Petitioner has made a number of previous complaints that respondent has communicated through "non appearance" attorneys. See, e.g., Pet. Mot. dated May 14, 2018 (ECF No. 41); Pet. Mot. dated Dec. 18, 2017 (ECF No. 20). As the undersigned has explained in the past, the fact that Mr. Readler is listed as Acting Assistant Attorney General on respondent's filings does not imply that he has improperly acted as the attorney of record. See Order Denying Mot. for Recusal dated June 6, 2018 (ECF No. 42) at 2.

## III.   Conclusion

The undersigned allowed petitioner over a year to file all necessary medical records, and she offered petitioner a number of opportunities to discuss his claim during status conferences. Her Decision thoroughly documents petitioner's repeated failure to follow Court orders and his inability to establish any of the Althen prongs by preponderant evidence. Given the facts of this case and the history of the litigation, petitioner has not demonstrated that the Decision contravenes the "interest of justice."

For the reasons stated above, the undersigned hereby DENIES petitioner's motion for reconsideration.

**IT IS SO ORDERED.**

Dated: 2-7-2019

Nora Beth Dorsey
Chief Special Master